**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 11-1695-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Benjapon Sakkarapope, ) | |
| Defendant. ) | |

Pending before the Court are the Government's motion to dismiss the indictment without prejudice and Defendant's motion to dismiss the indictment with prejudice. Defendant moves to dismiss arguing that the Government could never prove an element of its case, therefore, dismissal with prejudice is appropriate. Specifically, Defendant is charged with four counts of failing to comply with a removal order in violation of 8 U.S.C. § 1253(a)(1)(B). Defendant argues that a valid removal order was never issued; therefore, the Government could never prove Defendant guilty of failing to comply with a removal order.[1] The Government counters that the removal order was valid, but to avoid further expenditures of the court and other government agencies' resources, the government seeks to remove Defendant from the United States rather than criminally prosecute him.

---

[1] *See* 8 U.S.C. § 1252(b)(7)(C) ("If the district court rules that the removal order is invalid, the court shall dismiss the indictment for violation of section 1253(a)... .''

In his motion to Dismiss, Defendant concedes that his removal order which he now challenges as a legal nullity was appealed up to the Ninth Circuit Court of Appeals, and that the Ninth Circuit Court of Appeals denied the appeal as to the removal order. Doc. 17-6 at 2. However, Defendant now argues that the Court of Appeals erred in denying his appeal by not following its own precedent that existed at the time.[2] The Government counters that the precedent on which Defendant relies, *Molina-Camacho v. Ashcroft*, 393 F.3d 937 (9th Cir. 2004), was overruled in 2007 by *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). Thus, the Government concludes that applying the law as it exists today, the removal order was valid.[3]

The Court agrees with the Government that because Defendant's removal order is valid under the law as it exists today, the Government might be able to prove the elements of the crimes alleged. Accordingly, the Court will deny Defendant's motion to dismiss with prejudice. Further, Defendant does not oppose the Government's motion to dismiss without prejudice in the event Defendant's motion to dismiss with prejudice is denied.[4] Therefore, the Government's motion will be granted. Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss with prejudice (Doc. 17) is denied, the Government's motion to dismiss without prejudice (Doc. 16) is granted.

**IT IS FURTHER ORDERED** vacating trial, any pending deadlines and pending motions.

---

[2] Defendant concedes that the precedent on which he relies to argue the Court of Appeals decision was incorrect was not cited to the Court of Appeals in the appeal.

[3] The Government cites *Thorpe v. Hous. Auth. of City of Durham*, 393 U.S. 268, 281 (1969) for the proposition that this Court should apply the law as it exists at this time it renders this decision.

[4] Defendant in a separate case is challenging his prior removal order before the Ninth Circuit Court of Appeals. Doc. 17-9 at 2-6.

**IT IS FURTHER ORDERED** that the above-named defendant be released from the custody of the United States Marshal as to this cause number only. The Court notes that there is an active ICE detainer as to this defendant.

DATED this 4th day of November, 2011.

_____
James A. Teilborg
United States District Judge

2 certufued copies to U.S. Marshal on 11/4/2011 by T. Bengtson